WIRT ROBINSON *et al* FOR AN OPINION.

MARCH 27, 1923.

PRESENT:   Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Wills.   Contingent and Vested Remainders.*

Testamentary provision after providing for payment of net income of trust equally to testator's two daughters X and Y for their lives directed that in case of the death of X before the period of distribution her share should be payable equally to her children share and share alike, and in case of the death of Y her share should be payable to her husband in trust to pay to testator's grandsons B and C, children of Y by a former husband, their proportionate shares respectively as children of Y and to hold the balance of said income to his own free use until all of his own children by Y had attained the age of 21 years or until the period of distribution, after which time he should receive to his own use, during his lifetime or until the period of distribution, one-third of the said balance of income and should pay over to his children by Y the remaining two-thirds.   The will also provided that in all cases the children of a deceased child should take the share his or her parent would have been entitled to if then living, *per stirpes* and not *per capita.*

Y died.   In addition to her two sons B and C, Y had one child by her second marriage, M.

B married and died after the death of Y without issue by will giving all of his' property to his wife R.

X being alive and the period of distribution not having arrived, on the question whether R as sole legatee and devisee of B was entitled to a share of the one-half of the residue of income devised to Y for life and after her death to her husband in trust and if so entitled to what share therein:—

*Held,* that at the time the particular estate in Y was created the right of B as remainderman to any estate was uncertain as it was dependent on a condition, namely the death of his mother before the termination of the trust. If his mother survived her sister at the death of the mother the trust terminated and no estate was left for the remainderman and until the death of Y the estate of B was a contingent remainder, but on her death this estate became a vested remainder in B subject to being divested on his death leaving children surviving him and as B had no children the remainder passed by his will to R.

*(2)   Wills, Contingent and Vested Remainders.   Gifts to a Class.*

*Held,* further that the intent of testator to make an absolute gift to B if living at the death of Y was apparent for the gifts to the children of X and to the children of Y by her second marriage were made in general terms without naming any of the beneficiaries but the children of Y by her first marriage were not only designated by name but further were referred to as the testator's grandsons, he thereby evincing an intent to make a gift not to a class composed of all of the children of Y but a particular gift to each of the grandsons named individually and upon the death of Y the proportionate share of B became fixed and thereafter was not subject to an enlargement or diminution and as one of the three children of Y, B then became entitled to one-third of the income which in turn passed to R.

QUESTION stated in form of special case.

STEARNS, J.   The petitioners are parties having adversary interests in the question of the construction of certain clauses of the will of one Theodore W. Phinney, deceased, who have concurred in stating certain questions in the form of a special case.   (Gen. Laws, Chap. 289, § 20.)

By the will in question, the testator left the residue of his estate in trust to pay certain indebtedness and to pay a certain monthly allowance to his nieces, Anita, Lola and May Phinney, to be paid to them or the survivor or survivors of them for and during their natural lives for their joint use; the trustees were directed to pay the balance of the net income equally to testator's two daughters, Rose and Alice, during their lives.   It was further provided, as follows: "In case of the death of my daughter Rose before the period of distribution hereinafter named, the share of said net

income which would otherwise have been payable to my daughter Rose shall be payable equally to her children, share and share alike. In case of the death of my daughter Alice, her share of said net income shall thereafter be paid to her husband, said Wirt Robinson, in trust, however, to pay to my grandsons Theodore Phinney Henderson and John Cleves Henderson, their proportionate shares thereof respectively, as children of my said daughter, and to receive and hold the balance of said net income to his own free use until all of his own children by my said daughter Alice have attained the age of twenty-one years, or until the period of distribution hereinafter fixed, after which time he shall receive to his own use, during his lifetime or until the period of distribution hereinafter named, one-third of the said balance of said net income, and shall pay over to his said children by my daughter Alice the remaining two-thirds, thereof." The will then provides for the distribution of the principal at the termination of the trust, which was to come to an end upon the death of the survivor of his two daughters and the three nieces. The provisions as to the gift of the principal to Theodore Henderson and John Henderson are substantially the same as those governing the gift of income. The will also provided that "in all of the above cases the children of a deceased child shall take the share his or her parent would have been entitled to if then living, *per stirpes* and not *per capita*."

The testator died in 1912. Alice, his daughter, died on August 14, 1918. In addition to the two sons of her first marriage, Theodore and John Henderson above mentioned, Alice had one child by her second marriage, namely, Wirt W. R. Robinson, who is now twenty-eight years old.

Theodore Phinney Henderson married Nancy Hinman August 17, 1918; he died without issue, October 20, 1918, leaving a will dated September 25, 1918, in which he gave all of his property to his wife, Nancy Hinman Robinson. The daughter Rose and the three nieces are alive and the period for distribution of the estate has not yet arrived.

The questions submitted to us are as follows:

"1. Is Nancy Henderson Robinson, as sole legatee and devisee under the will of Theodore Phinney Henderson, deceased, entitled to a distributive share of the one-half of the residue of the net income of the property devised to Alice Phinney for life and after her death, to Wirt Robinson in trust?

"2. If said Nancy Henderson Robinson is entitled to receive a share of said income, to what share therein is she entitled?"

On behalf of John Henderson it is claimed that the bequest of income payable to Theodore after the death of his mother Alice, is a contingent remainder; that the children of Alice constitute a class and that upon the death of one of the members, the other members of the class succeed to the share of the deceased member. The claim of Nancy Hinman Robinson is that her husband Theodore took a vested interest in remainder subject to be divested in the event that Theodore died leaving children; and as Theodore died leaving no children, his interest in the income by his will passed to her, and she is therefore entitled to his share of the income until the time of distribution.

We are of the opinion that at the time of his death Theodore had a vested remainder in the income, which under the terms of his will now belongs to Nancy H. Robinson.

In 23 R. C. L., p. 500, the law is concisely stated as follows: "A distinction is to be observed between the uncertainty which makes a remainder contingent and the uncertainty of the estate ever taking effect in possession, which is incident to even a vested remainder. In a contingent remainder the right to the estate is uncertain, while in a vested remainder, the time of possession and enjoyment being deferred, there is an uncertainty as to whether the estate will ever be enjoyed in possession. But it is in this respect only that a vested remainder is contingent and expectant; for, unlike a contingent remainder, it is vested in right; and the remainderman has an immediate right of

future enjoyment. Although it may be uncertain whether a remainder will ever take effect in possession, it will nevertheless be a vested remainder if the interest is fixed. It is the uncertainty of the right of enjoyment and not the uncertainty of its actual enjoyment, which renders a remainder contingent, and it is not the uncertainty of enjoyment in the future, but the uncertainty of the right to that enjoyment which marks the distinction between a vested and a contingent interest." . . . "It is not the uncertainty of ever taking effect in possession that makes a remainder contingent; for to that every remainder is and must be liable; since the remainderman may die, and die without heirs before the termination of the particular estate."

In the case at bar, at the time the particular estate in the mother Alice was created, the remainderman was *in esse* and had the present ability of taking the seisin in case the particular estate were to determine; but the right of Theodore, the remainderman, to any estate was uncertain as it was dependent on a condition, namely, the death of his mother before the termination of the trust. If his mother survived her sister and the three nieces named, at the death of the mother the trust terminated and no estate was left for the remainderman. Until the death of Alice, his mother, the estate of Theodore was a contingent remainder. Upon her death this estate became a vested remainder in Theodore, subject to being divested upon his death leaving children surviving him. As Theodore had no children the remainder passed by his will to his widow Nancy.

The intention of the testator to make an absolute gift of income to his grandson Theodore, if he was living at the decease of his mother, can hardly be questioned. The gifts to the children of Rose and to the children of Alice by Wirt Robinson are made in general terms without naming any of the beneficiaries. But the children of Alice by her first marriage, Theodore and John, are not only designated by name but further are referred to as the testator's grandsons, the testator apparently evincing thereby an intention to

make a gift not to a class composed of all of the children of Alice but a particular gift to each of the grandsons named, individually. Upon the death of Alice the proportionate share of Theodore in the income became fixed and thereafter was not subject to an enlargement or dimunution; as one of the three children of Alice, Theodore then became entitled to one-third of the income and this one-third of income now belongs to his widow Nancy.

*Sheffield & Harvey*, for Nancy H. Robinson.

*Wallace R. Chandler, Jr., Greenough, Easton & Cross*, for John C. Henderson.